UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CR-00022-TBR

UNITED STATES OF AMERICA,                                          PLAINTIFF

v.

MATTHEW J. O'NEAL,                                                 DEFENDANT

### MEMORANDUM OPINION AND ORDER

On August 14, 2018, Matthew O'Neal was charged with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). [R. 10 (Federal Indictment).] On March 19, 2019, O'Neal appeared for a Change of Plea Hearing. At the Hearing, the Court directed the parties to brief the following issues:

(1) Whether O'Neal's prior misdemeanor conviction for 1st Degree Attempted Sexual Abuse (15-year-old victim) triggers the enhanced penalties under 2252A(b)(2); and

(2) Whether 2252A(b)(2)'s enhanced penalty for "offense involv[ing] a prepubescent minor or a minor who had not attained 12 years of age" has a knowledge element. That is, does the United States need to prove mens rea as to the type of child pornography involved in the offense in order to establish a violation of 2252A(a)(5)(B)?

[R. 30 (Court Order).] The Court will address each issue in turn.

Also before the Court is the United States' ("the Government") Motion for Leave to File Sealed Document. [R. 32.] Without an opposing response from O'Neal, and the Court being otherwise sufficiently advised, the Government's Motion for Leave to File Sealed Document, [R. 32], is **GRANTED**.

### I.   The Enhanced Penalties Under § 2252A(b)(2)

1

A violation of 18 U.S.C. § 2252A(a)(5)(B) calls for a custody sentence of "not more than 10 years." 18 U.S.C. § 2252A(b)(2). However, if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years." *Id*. Prior to the federal charge at hand, on March 26, 2012, O'Neal pleaded guilty in Calloway Circuit Court to criminal attempt to first degree sexual abuse in violation of K.R.S. §§ 510.110 and 506.010. [R. 31-1 (Judgment/Sentence).] The Government argues that this state charge triggers enhanced penalties pursuant to § 2552A(b)(2). [R. 31 at 2-7.] O'Neal disagrees.

As the Sixth Circuit has explained:

> When deciding whether a prior state-law conviction triggers an enhanced sentence, we begin with a categorical approach. We look first to the "fact of conviction and the statutory definition of the prior offense"—not the facts underlying the conviction—to determine the nature of the crime. If the state crime of conviction has the same elements as the generic offense—"the offense as commonly understood"—then the prior conviction can serve to enhance the federal sentence.

*United States v. Mateen*, 806 F.3d 857, 859–60 (6th Cir. 2015) (internal citations omitted). However, if the state statute at hand is divisible, i.e., "comprises multiple, alternative versions of the crime," the Court may engage in the "modified categorical approach." *Descamps* v. *United States*, 570 U.S. 254, 262-64 (2013). If not all of the crimes listed in the state statute match the generic offense, "a court needs a way to find out which the defendant was convicted of." *Id*. at 264. Thus, the "job" of the modified categorical approach is to "identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id*. "Put another way, the purpose of the modified categorical approach is simply to determine of what elements the defendant was convicted *so that* the court can apply the categorical approach."

2

*United States v. Davis*, 751 F.3d 769, 776–77 (6th Cir. 2014) (citing *Descamps*, 133 S. Ct. at 2281).

## A. The Categorical Approach

The statute enhancement at issue here applies to an offender with a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(2). The Sixth Circuit has defined sexual abuse consistent with its common meaning, stating that "sexual abuse . . . connotes the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." *Mateen*, 806 F.3d at 861.

Turning to the state conviction, O'Neal pleaded guilty to attempted first degree sexual abuse in violation of K.R.S. §§ 510.110 and 506.010.[1] Section 510.110 provides:

(1) A person is guilty of sexual abuse in the first degree when:

---

[1] K.R.S. § 506.010 is the Kentucky statute for criminal attempt. It provides:

(1) A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he:
    (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or
    (b) Intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime.

(2) Conduct shall not be held to constitute a substantial step under subsection (1)(b) unless it is an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which he is charged with attempting.

(3) A person is guilty of criminal attempt to commit a crime when he engages in conduct intended to aid another person to commit that crime, although the crime is not committed or attempted by the other person, provided that his conduct would establish complicity under KRS 502.020 if the crime were committed by the other person.

(4) A criminal attempt is a:
    (a) Class C felony when the crime attempted is a violation of KRS 521.020 or 521.050;
    (b) Class B felony when the crime attempted is a Class A felony or capital offense;
    (c) Class C felony when the crime attempted is a Class B felony;
    (d) Class A misdemeanor when the crime attempted is a Class C or D felony;
    (e) Class B misdemeanor when the crime attempted is a misdemeanor.

Ky. Rev. Stat. Ann. § 506.010.

(a) He or she subjects another person to sexual contact by forcible compulsion; or

(b) He or she subjects another person to sexual contact who is incapable of consent because he or she:
    1. Is physically helpless;
    2. Is less than twelve (12) years old;
    3. Is mentally incapacitated; or
    4. Is an individual with an intellectual disability; or

(c) Being twenty-one (21) years old or more, he or she:
    1. Subjects another person who is less than sixteen (16) years old to sexual contact;
    2. Engages in masturbation in the presence of another person who is less than sixteen (16) years old and knows or has reason to know the other person is present; or
    3. Engages in masturbation while using the Internet, telephone, or other electronic communication device while communicating with a minor who the person knows is less than sixteen (16) years old, and the minor can see or hear the person masturbate; or

(d) Being a person in a position of authority or position of special trust, as defined in KRS 532.045, he or she, regardless of his or her age, subjects a minor who is less than eighteen (18) years old, with whom he or she comes into contact as a result of that position, to sexual contact or engages in masturbation in the presence of the minor and knows or has reason to know the minor is present or engages in masturbation while using the Internet, telephone, or other electronic communication device while communicating with a minor who the person knows is less than sixteen (16) years old, and the minor can see or hear the person masturbate.

(2) Sexual abuse in the first degree is a Class D felony, unless the victim is less than twelve (12) years old, in which case the offense shall be a Class C felony.

Ky. Rev. Stat. Ann. § 510.110.

Under the categorical approach, the Court must determine whether the Kentucky statute by its nature and elements, "relat[es]" to "sexual abuse," as defined above. *See Mateen*, 806 F.3d at 862 (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)). The Government argues that under the Sixth Circuit's broad interpretation of "relating to," all the crimes listed under Kentucky's sex abuse statute relate to sex abuse. [R. 31 at 4.] O'Neal retorts that the Kentucky

statute is broader than the generic definition of sex abuse. [R. 34 at 5-6.] The Court finds that the

crimes listed under § 510.110 relate to the generic definition of sex abuse, causing the enhanced

penalties under § 2252A(b)(2) to be triggered.

The Government cites the Sixth Circuit's findings in *United States v. Mateen,* for the

contention that "relating to" is to be interpreted broadly. [R. 31 at 4 (citing *Mateen*, 806 F.3d at

860).] Thus, the Government concludes "all of the conduct listed in K.R.S. § 510.110 'relates to'

sexual abuse, as each section of the Kentucky statute relates to sexual conduct that is nonconsensual

by virtue of force, age, or mental incapacitation, and therefore abusive." [*Id.*] In *Mateen*, the Sixth

Circuit held that the defendant's prior Ohio conviction for gross sexual imposition qualified as a

conviction relating to "sexual abuse," and, thus, affirmed the lower court's finding that the §

2252 sentencing enhancement should be applied. 806 F.3d at 859. The Court referenced the

findings of the Ninth, Eleventh, and Fourth circuits in defining "relating to," stating:

> Other circuits have broadly interpreted the phrase "relating to" as triggering
> sentence enhancement for "any state offense that stands in some relation, bears
> upon, or is associated with that generic offense." *United States v. Sullivan,* 797
> F.3d 623, 638 (9th Cir.2015) (quoting *Sinerius,* 504 F.3d at 743); *Barker,* 723
> F.3d at 322–23 (quoting *Sinerius* with approval); *United States v. McGarity,* 669
> F.3d 1218, 1262 (11th Cir.2012) (same); *see also United States v. Colson,* 683
> F.3d 507, 511–12 (4th Cir.2012) ("Numerous courts of appeals agree that
> Congress chose the expansive term 'relating to' in § 2252(A)(b)(1) to ensure that
> individuals with a prior conviction bearing some relation to sexual abuse ...
> receive enhanced minimum and maximum sentences."); *Sonnenberg,* 556 F.3d at
> 671 (adopting "stand in some relation" formulation).

*Mateen*, 806 F.3d at 860. The Sixth Circuit agreed with its sister circuits, stating that unlike

sentence enhancement statutes that require the state statute to "mirror" the federal statute,

"[s]ection 2252(b)(2)'s 'relating to' language, however, requires only that the state statute be

associated with sexual abuse." *Id*. at 861. Finding that each section of the Ohio statute

"proscribes sexual contact that is non-consensual by virtue of force, threats of force, impairment,

or age, and therefore abusive," the Sixth Circuit held that all possible violations of Ohio's sexual imposition statute relate to sexual abuse. *Id*. at 862-63.

In response, O'Neal gives two examples of violations of § 510.110 he claims do not relate to the generic definition of sex abuse. First, O'Neal argues "both 510.110 (c)(2) and (d) are both broader than the generic definition, as an individual could masturbate in the presence of a sleeping child, or a child who is not paying attention to the sexual conduct, and not cause any injury to the child." [R. 34 at 5.] Second, O'Neal contends that since an *attempted* crime does not necessarily include an injury, "any injury that may be sustained by a victim of Sex Abuse First Degree, would not likely be sustained by a victim of an attempt." [*Id*.] In support, O'Neal cites to the Sixth Circuit's findings in *United States v. Armstead*, a case involving a potential sentencing enhancement under the Armed Career Criminal Act (ACCA), in which the defendant was indicted for aggravated child abuse but pleaded guilty only to attempted child abuse. 467 F.3d 943, 949 (6th Cir. 2006). As the defendant only pleaded guilty to *attempted* child abuse, the Court in *Armstead* limited its examination of the state indictments "to the elements of the charges that are essential to defendant's plea of guilty to attempted child abuse." *Id*. (citing *United States v. Arnold,* 58 F.3d 1117, 1124 (6th Cir. 1995)). This precluded consideration of the clause of the indictment that alleged that the victim child suffered bodily injury because *attempted* child abuse does not necessarily include such injury. *Id*. at 952. As there was no other evidence of violent conduct before the district court, the Sixth Circuit held that "the finding of a crime of violence based on the indictments alone was error." *Id*. at 949.

The Court agrees with the Government that, in the more recent case of *Mateen*, the Sixth Circuit has aligned itself with several other circuits in interpreting the sentencing enhancement's "relating to" language broadly. *Mateen*, 806 F.3d at 862-63; *United States v. Bennett*, 823 F.3d

1316, 1324–25 (10th Cir. 2016) (finding that "relating to" is "expansive" in the section 2252A(b)(2) context); *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015) (holding that "relating to "mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense"); *United States v. Barker*, 723 F.3d 315, 323 (2d Cir. 2013) (same); *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012) (same); *United States v. Colson*, 683 F.3d 507, 511-12 (4th Cir. 2012) (same).[2] In *Mateen*, the Sixth Circuit found that the language of § 2252(b) created a "broad sweep" that engulfed all of the possible violations of Ohio's gross sexual imposition statute. 806 F.3d at 863. Essentially, the Court adopted the Supreme Court's definition of "relating to": "The ordinary meaning of these words is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with,' Black's Law Dictionary 1158 (5th ed. 1979)— and the words thus express a broad pre-emptive purpose." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992). Intuitively, one would think that this Kentucky statute involving sexual conduct that is nonconsensual by way of force, age, or mental incapacitation would relate to the common meaning of sexual abuse.

In opposition of this intuition, O'Neal provides two examples of how the elements of the Kentucky statutes to which he pleaded guilty are broader than the federal definition of sexual abuse. Both examples encapsulate the notion that the elements of the statutes do not require an injury, making the state statute broader than the Sixth Circuit's definition of sex abuse—which requires that the abuse "injure, hurt, or damage." *Mateen*, 806 F.3d at 861. True, the Sixth

---

[2] Other courts interpreted *Mateen* in this fashion as well. *See United States v. Geasland*, 694 F. App'x 422, 438 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 699, 199 L. Ed. 2d 574 (2018) (citing *Mateen* as an example of a court applying the categorical approach while interpreting "relating to" broadly); *Bennett*, 823 F.3d 1316, 1324–25 (citing *Mateen* in support of the assertion that "'relating to" remains broad in this context").

Circuit came to a similar conclusion in *Armstead* when it precluded consideration of the charges in the state indictment that described the child victim's injury due to the fact that a conviction of attempted child abuse does not necessarily include injury. *Armstead,* 649 F.3d at 444. However, as highlighted by the Government, *Armstead* involved a different federal statute. In *Armstead*, the defendant was convicted of being a previously convicted felon in violation of 18 U.S.C. § 922(g), and "[t]he presentence report concluded that Armstead's offense level should be increased pursuant to § 4B1.2 of the Guidelines because he had been previously convicted of a 'crime of violence.' *See* U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a)." *Armstead*, 467 F.3d at 945. In executing the categorical approach, the Sixth Circuit first decided "whether the statutory definition, by itself, supports a conclusion that the defendant was convicted of a crime of violence." *Id*. at 947. In contrast, under the statute currently at issue, § 2252A(b)(2), rather than deciding whether the statutory definition supports a conclusion that defendant *was convicted* of sexual abuse, the Court merely has to decide whether the Kentucky statute by its nature and elements "relat[es]" to sexual abuse. Thus, the Court finds that the analysis in *Armstead* is distinguishable from the analysis at hand.

Furthermore, several other circuits that also adopted the broad interpretation of "relating to" in the context of § 2252(b)(2) have held that "[a] prior conviction 'relates to' aggravated sexual abuse, sexual abuse, or abusive sexual contact 'whether or not the statute under which [the defendant] was convicted required actual harm.'" *United States v. Stults*, 575 F.3d 834, 845 (8th Cir. 2009) (citing *United States v. Weis,* 487 F.3d 1148, 1152 (8th Cir.2007)); *see also United States v. Wiles*, 642 F.3d 1198, 1201 (9th Cir. 2011) ("An attempt conviction 'clearly "stands in some relation to" or "pertains to" the crimes of aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor' and therefore qualifies as a predicate offense under

§ 2252(b)(1).”); *United States v. Hubbard*, 480 F.3d 341, 347 (5th Cir. 2007) (holding that prior state law convictions for which the sentencing enhancement is imposed are not limited to offenses involving sexual contact between a defendant and victim). Thus, under the broader interpretation of “relating to,” the Court finds that the absence of a requirement of harm or injury would not prevent the elements of K.R.S. § 510.110 from being related to the offense sexual abuse as defined above.

The Court also acknowledges that O’Neal cites to the Sixth Circuit’s findings in *United States v. Gardner* toward the end of his discussion of *Armstead*. [R. 34 at 6.] Although O’Neal provides no explanation for this citation, the Court assumes O’Neal references *Gardner* for its finding that because the defendant pled only to “sexual battery,” which did not require that the victim be a minor, “the references in the indictment suggesting the victim was a minor are not ‘essential to the offense to which [Gardner] entered his plea.’” *Gardner*, 649 F.3d 437, 444 (6th Cir. 2011). As argued by the Government, the Court agrees that *Gardner* is distinguishable from the case at hand in that it applied *Armstead*’s holding in a § 2252A(b) case involving a statute missing an element concerning the victim’s age rather than an element concerning injury or harm. Though, perhaps more importantly, in *Gardner*, the Sixth Circuit’s execution of the categorical approach appears contradictory to that which occurred in the more recent case of *Mateen*. In *Gardner*, the Sixth Circuit instructed that the analysis began with “examining whether the statute of conviction falls within the four corners of the federal statute.” 649 F.3d at 443. Conversely, in *Mateen*, the Sixth Circuit merely requires that the state conviction “relat[es] to” the federal offense. 806 F.3d at 860. As the Sixth Circuit’s finding in *Mateen* is more recent,

and better aligns with that of other circuits, the Court will follow the instruction in *Mateen* over *Gardner*.[3]

In sum, the Court finds that K.R.S. § 510.110, in conjunction with K.R.S. § 506.010, by its nature and elements, "relat[es]" to "sexual abuse," as defined above. Thus, O'Neal's prior misdemeanor conviction for 1st Degree Attempted Sexual Abuse triggers the enhanced penalties under § 2252A(b)(2).

## B. The Modified Categorical Approach

As the Court has found that O'Neal's prior misdemeanor conviction for 1st Degree Attempted Sexual Abuse triggers the enhanced penalties under § 2252A(b)(2), it is not necessary to engage in the modified categorical approach outlined above. *Descamps*, 570 U.S. at 263 (referring to the modified approach "not as an exception, but instead as a tool" which "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute"). The Court acknowledges that the parties dispute this issue—specifically whether the Court may consult the excerpt from the state presentence report tendered by the Government. However, the Court notes that even if it did consider the facts laid out in the state presentence report and found the relevant subsection of the Kentucky sexual abuse statute to be K.R.S. § 510. 110(c)(1), as requested by the Government, the Court would still be left with the

_____

[3] It is also unclear as to whether the Sixth Circuit's underlying reasoning in *Gardner* is still proper after the Sixth Circuit's subsequent holding in the 2014 opinion in *United States v. Mateen* ("2014 *Mateen*"). (2014 *Mateen* is a different opinion from the *Mateen* case mentioned above, as 2014 *Manteen* was published one year prior.) In *Gardner*, the Court held that "[t]he statute of conviction does not require, as an element of the offense, that the complaining witness be a minor; thus, the statute itself does not justify a sentence enhancement." 649 F.3d at, 443. However, three years later in 2014 *Mateen*, the Court held only the third listed conduct category, i.e., "abusive sexual conduct involving a minor," requires that the victim be a minor in order to trigger the sentencing enhancement. *United States v. Mateen*, 764 F.3d 627, 630-31 (6th Cir. 2014). Thus, the Court found that a prior state conviction relating to aggravated sexual abuse or sexual abuse triggers the sentencing enhancement even if the conviction did not involve a minor victim. *Id.* at 630-32. As the Sixth Circuit did not specify in *Gardner* that the state conviction was for "sexual conduct involving a minor," the holding that the statute did not justify an enhancement because it did not require that the victim be a minor appears to contradict the subsequent holding in 2014 *Mateen*.

question of whether an *attempt* to commit such sexual abuse under state law is related to the federal definition of sexual abuse. Of course, this is the exact question the Court just resolved above under the categorical approach. Thus, the Court does not find much use for this "tool," otherwise known as the modified approach, in this instance.

## II. Whether § 2252A(b)(2) has a Knowledge Element

As to the second issue before the Court, concerning whether the Government needs to prove mens rea as to the type of child pornography involved in the offense in order to establish a violation of § 2252A(a)(5)(B), the parties appear to agree. The Government argues that the Court is not required to find that O'Neal knew that the child pornography in his possession contained images of minors under the age of twelve years old in order to accept O'Neal's guilty plea. [R. 31 at 7-10.] In response, O'Neal agrees, stating: "At a minimum, it would seem that it must be proven that Mr. O'Neal had knowing possession of the memory card, and its contents. Whether he had specific knowledge that a minor in a particular image was in fact under twelve would not seem necessary." [R. 34 at 12.] Thus, as the matter is not disputed, the Court finds that it is not necessary to find that O'Neal knew that the child pornography in his possession contained images of minors under the age of twelve years old in order to accept his guilty plea.

Despite stating that proof of his knowledge that the minors in the images were under the age of twelve "would not seem necessary," O'Neal requests that he be given the opportunity to inspect the "images and mediums involved (the memory card and card reader)" in order to clarify what specific admissions, if any, he is prepared to make. [R. 34 at 13.] O'Neal argues that "[a]t that point, the discussion regarding whether enough facts have been admitted to support the increased potential maximum sentence will be more clearly defined." [*Id.*] The Court will discuss this issue during the phone conference on May 7, 2019.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) The Government's Motion for Leave to File Sealed Document, [R. 32], is

**GRANTED**.

(2) O'Neal's prior misdemeanor conviction for 1st Degree Attempted Sexual Abuse

triggers the enhanced penalties under § 2252A(b)(2);

(3) The parties agree that the Court is not required to find that O'Neal knew that the child

pornography in his possession contained images of minors under the age of twelve

years old in order to accept O'Neal's guilty plea.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

May 6, 2019

cc: Counsel of Record